NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 17 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-55714 |
| Plaintiff-Appellee, | D.C. No. 2:20-cv-01156-ODW-RAO |
| v. | |
| STEPHANIE SMITH, | MEMORANDUM* |
| Claimant-Appellant, | |
| v. | |
| $208,420.00 IN U.S. CURRENCY, | |
| Defendant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted June 8, 2022**
Pasadena, California

Before: M. SMITH, BADE, and VANDYKE, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Claimant-Appellant Stephanie Smith appeals from the district court's order denying her motion for reconsideration of her request for a stay of civil forfeiture proceedings under 18 U.S.C. § 981(g)(2). We dismiss Smith's appeal for lack of jurisdiction.

Before the district court Smith argued that she was the subject of an ongoing criminal investigation, and she asserts that we have jurisdiction over her appeal pursuant to 28 U.S.C. § 1292 because the "issue before the District Court was injunctive relief seeking a stay of the case to protect [her] Fifth Amendment rights against self-incrimination." Section 1292(a)(1) provides that we have jurisdiction over "[i]nterlocutory orders of the district courts . . . granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." Under § 1292(a)(1), we also have jurisdiction over orders that have the "practical effect" of an injunction, if the appellant shows that the order "might have a serious, perhaps irreparable, consequence, and that the order can be effectually challenged only by immediate appeal." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 83-84 (1981) (citation omitted). Unless an appellant makes this showing, "the general congressional policy against piecemeal review will preclude interlocutory appeal." *Id.* at 84.

The Supreme Court, however, has held that an "order by a federal court that relates only to the conduct or progress of litigation before that court ordinarily is

2

not considered an injunction and therefore is not appealable under § 1292(a)(1)." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 279 (1988). Moreover, a motion for reconsideration of a request for an injunction is only appealable if the motion for reconsideration raises new matter. *See Sierra On-Line, Inc. v. Phx. Software, Inc.*, 739 F.2d 1415, 1418 n.4 (9th Cir. 1984).

We need not address these issues because even if we assume without deciding that Smith's motion for reconsideration raised new matter, and that the district court's denial of the motion for reconsideration had the "practical effect" of an injunction, we nonetheless lack jurisdiction under § 1292(a)(1) because Smith has not satisfied her burden of showing that a serious, irreparable consequence might result from the order denying reconsideration. *See Carson*, 450 U.S. at 84.

Smith first argues that proceeding in the litigation would require her alleged commercial cannabis tenants to choose between "complying with subpoenas that would forfeit their Fifth Amendment rights" and "refusing to comply and facing contempt." Smith does not have standing, however, to assert the constitutional or legal rights of others. *See United States v. Ward*, 989 F.2d 1015, 1020 (9th Cir. 1992); *Hong Kong Supermarket v. Kizer*, 830 F.2d 1078, 1081 (9th Cir. 1987).

Smith next argues that permitting discovery to proceed may require her to either "waive her right against self-incrimination . . . or enter [a] trial without the ability to disprove [the government's] arguments." But Smith does not explain

3

how the ordinary practice of making specific assertions of the Fifth Amendment privilege is insufficient protection. *See Maness v. Meyers*, 419 U.S. 449, 464 (1975) (noting that the Fifth Amendment privilege may be asserted "in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory" (citation omitted)); *Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1265 (9th Cir. 2000) (noting that the "Rules of *Civil* Procedure recognize an appropriate role for the exercise of [the self-incrimination] privilege"). Indeed, "courts must seek to accommodate the [claimant's] right against self-incrimination in a civil forfeiture proceeding" if the claimant requests such an accommodation. *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 643 (9th Cir. 2012) (citation omitted). Smith also does not explain why she might be unable to disprove the government's arguments at trial or why any consequences could not be effectively challenged on appeal. Smith has thus not shown that immediate appeal under § 1292(a)(1) is appropriate in these circumstances.

Because Smith has not shown that we have jurisdiction over her appeal under § 1292(a)(1), and because she has not proffered any other potential bases for our jurisdiction, she has not met her burden of establishing that jurisdiction exists. *See Melendres v. Maricopa County*, 815 F.3d 645, 649 (9th Cir. 2016).

**DISMISSED.**